## Lesher *v.* Lemon Township, Appellant.

*Negligence — Townships — Defect in road — Water break — Act of June 13, 1836, P. L. 551.*

In an action against a township to recover damages for personal injuries sustained by the plaintiff while driving over a public road in a township, a verdict and judgment for the plaintiff will be sustained where the evidence tends to show that at the point of the ac-

cident there was a dangerous water break on descending ground, of such height, that when the plaintiff's wagon struck it, the plaintiff was thrown out of the wagon onto the ground and injured.

Argued Oct. 16, 1911.  Appeal, No. 40, Oct. T., 1911, by defendant, from judgment of C. P. Wyoming Co., April T., 1910, No. 30, on verdict for plaintiff in case of Vern Lesher v. Lemon Township.  Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD, BEAVER and PORTER, JJ.  Affirmed.

Trespass to recover damages for personal injuries.  Before TERRY, P. J.

The circumstances of the accident are stated in the opinion of the Superior Court.

Verdict and judgment for plaintiff for $947.43.  Defendant appealed.

*Errors assigned* were various instructions quoted in the opinion of the Superior Court.

*H. S. Harding*, for appellant.—Where the evidence leaves it equally probable that the accident was due to any one of several causes, for some of which defendant would not be liable, the jury cannot be permitted to guess as to the cause: Sandt v. Foundry Co., 214 Pa. 215; Ott v. Boggs, 219 Pa. 614.

*James Wilson Platt*, for appellee.—A township is charged with the duty of maintaining its highways in a reasonably safe condition for ordinary travel, and will be liable for injuries resulting from a failure to perform this duty, e. g., for failure to keep the surface of a road free from holes, ruts and other inequalities: Rockefeller Twp. v. Rhodes, 4 Walker, 410; Sutter v. Young Twp., 130 Pa. 72; Stringert v. Ross Twp., 179 Pa. 614; Erie v. Schwingle, 22 Pa. 384; Easton Borough v. Neff, 102 Pa. 474; Altoona v. Lotz, 114 Pa. 238; Shaw v. Philadelphia, 159 Pa. 487; Chilton v. Carbondale, 160 Pa. 463; Plymouth Twp. v.

Graver, 125 Pa. 24; Kitchen v. Union Twp., 171 Pa. 145; Cage v. Franklin Twp., 11 Pa. Superior Ct. 533; Russell v. Westmoreland County, 26 Pa. Superior Ct. 425.

OPINION BY BEAVER, J., March 1, 1912:

The sixth section of the Act of June 13, 1836, P. L. 551, 4 Stewart's Purdon, 4257, provides: "Public roads or highways laid out, approved and entered on record as aforesaid shall, as soon as may be practicable, be effectually opened and constantly kept in repair, and all public roads or highways made or to be made, shall, at all seasons, be kept clear of all impediments to easy and convenient passing and traveling, at the expense of the respective townships, as the law shall direct."

The cases, which are very numerous, which have arisen under the interpretation of this act of assembly, generally have to do with the failure of the supervisors to remove obstructions in the roadway which have accumulated by accident or by the acts of others.

This case presents a rather unusual question, arising out of the fact that the supervisors constructed what is called a water break on descending ground which, by its construction and height, caused such an inequality in the road that, in crossing it, the plaintiff was thrown from his wagon and seriously injured.  That it was an obstruction to travel, preventing safe and convenient passing, was shown by the fact that, upon the day of its construction, or the day after, two accidents immediately following each other, occurred, as the testimony clearly shows.  The first vehicle passing it was disturbed to such an extent that the occupants were thrown from their seat, but, by catching hold of the dashboard, were prevented from being thrown out.  Immediately following and within sound of the occupants of the first vehicle, was the one driven by the plaintiff, who was accompanied by a companion, both of them being thrown from their seat, the horse which the plaintiff was driving being also thrown to the ground and the plaintiff thrown from the wagon and injured.

Was the township liable in damages for this obstruction? This was practically the only question in the case, and the answers of the court to the points presented by plaintiff and defendant constitute the only assignments of error.

The first point of the defendant was: "Under all the evidence in the case, the plaintiff is not entitled to recover." The answer was "Refused. We leave it to you to say whether the plaintiff should recover."

Another point of the defendant was: "If you find that this break was constructed in the usual and ordinary manner, after the plan adopted by the township and in use elsewhere, there can be no recovery." "*Answer*: This is refused, especially as it assumes facts not proven. In ruling upon an offer made by defendant, we indicated that testimony might be received to show that this break was the ordinary one in use in other townships, but we recall no such testimony adduced in the case. You should, however, consider whatever evidence there is to show that this break was constructed in the ordinary manner, in determining whether it was a dangerous obstruction, so as to make the township negligent in having it there."

The third assignment relates to another point, as follows: "The question of the necessity for the water break was entirely for the officials of the township and not for the jury," which was answered: "Affirmed, with this qualification: the township officials were the proper persons to determine whether a water break was necessary, but in putting it there they were bound to construct it in such a manner that it would not be dangerous to travel."

We see no objection to these answers to the defendant's points. The charge of the court, covering the general subject, was clearly and succinctly, but sufficiently, summed up in the following paragraphs:

"Was the water break there an obstruction so high as to be a menace to travel upon the road and likely to cause accident to travelers thereon?

"If you find this water break was not an obstruction to travel, was not constructed an unreasonable height, mak-

ing travel dangerous, and, if you believe it was only what was reasonably required to carry off the water, or to serve a useful purpose, but not creating an unsafe condition there, then the township was not negligent and your verdict should be for the defendant.

"If, on the other hand, you come to the conclusion that the water break was so high as to be dangerous to travel, that it was an obstruction, making travel so unsafe as to constitute negligence on the part of the township in leaving it there, and you further find that the plaintiff was injured in consequence of such negligence of the defendant without concurring negligence on his part, then your verdict should be for the plaintiff for the amount of damages he will be entitled to recover according to legal principles we will state to you in connection with the testimony bearing upon the injuries the plaintiff claims to have suffered."

The law having cast upon the supervisors the necessity of keeping a public road at all seasons clear of all impediments to easy and convenient passing and traveling, at the expense of the respective townships, as the law shall direct, it seems to us the instructions of the court were in exact accordance with the requirements of the law, as laid down in numerous cases of both of the appellate courts of the commonwealth. To keep safe is, of course, to keep free from danger, and the court left it clearly to the jury to say whether or not this obstruction placed in the road by direction of the supervisors was dangerous, or, in other words, not safe. The trial judge did not go even as far as the act of assembly would have authorized him to go in ruling upon the points to the answers to which exception is taken, having confined the attention of the jury to the dangerous condition of the road, as occasioned by the obstruction placed therein by direction of the Supervisors, and leaving out of view entirely its convenience. In the construction and repair of public roads, particularly in view of the increased rapidity of travel upon them, it is important for supervisors to keep in mind convenience

as well as safety in the construction and repair of these avenues of public travel.

The facts of this case abundantly justify, in our opinion, the verdict of the jury, and, inasmuch as the instructions of the court were in accord with the requirements of the act of assembly and of the numerous decisions of both our appellate courts, so well known as to need no citation, in enforcing the provisions of the law relating thereto, we see no reason to interfere with the judgment which was entered upon the verdict.

Judgment affirmed.